IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SCALABLE INVESTMENTS LLC,    §
                             §
            Plaintiff,       §
                             §
V.                           §          No. 3:24-cv-732-BN
                             §
RYAN MORROW,                 §
                             §
            Defendant.       §

**MEMORANDUM OPINION AND ORDER REQUIRING
SUPPLEMENTAL BRIEFING**

Invoking the Court's diversity subject-matter jurisdiction, Plaintiff Scalable

Investments LLC, a Georgia limited liability company, has sued Defendant Ryan

Morrow, a Texas individual, alleging fraud and breach of contract as to five

promissory notes. *See* Dkt. Nos. 1, 16, & 19; 28 U.S.C. § 1332(a). And this lawsuit is

proceeding for all purposes under 28 U.S.C. § 636(c). *See* Dkt. No. 11.

Citing Federal Rule of Civil Procedure 15(a)(2), Morrow now moves for leave

to file an amended answer asserting counterclaims against Scalable and third-party

claims, against Dr. Rao Moravineni, Ramu Kalvakuntla, Tim Pelikan, and Scalable

Investments Capital Infusion, LLC, for fraud and breach of contract. *See* Dkt. No. 20.

Plaintiff Scalable Investments LLC opposes the motion under Federal Rule of

Civil Procedure 19 to the extent that Morrow intends to add third parties. *See* Dkt.

No. 22.

And Morrow replies that Scalable only chose to oppose his motion after it

"realized that[, if] the Third Parties are added to the case, [ ] diversity [would be]

destroyed, and[, so,] this case would have to be dismissed." Dkt. No. 23.

To begin, Rule 19 is not implicated by Morrow's motion to the extent that he seeks leave to file third-party claims, as that rule "concerns itself with 'required joinder of parties,'" and "[j]oinder of a non-party to an existing litigation as a plaintiff or defendant is not the same as an existing defendant's initiation of entirely new claims against a non-party." *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 270 (E.D. La. 2010) (citing *Brooks v. Hickman*, 101 F.R.D. 16, 18 (W.D. Pa. 1984) ("Rule 19 does not provide or support the introduction of a third-party defendant into a lawsuit. Rather, Rule 19 provides that the court may, under proper circumstances, require the joinder of a non-party as a plaintiff, defendant or involuntary plaintiff. It does not empower the court to order joinder of a third-party defendant, because that is what [Federal Rule of Civil Procedure] 14 is for."); citations omitted); *see id.* at 271 ("find[ing] it anomalous that a party might accomplish through Rule 19, which contains no reference to third-party practice or the complexities that arise from the filing of third-party complaints, what is explicitly provided for in detail by Rule 14").

Rule 14 provides in part that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a)(1).

And, so, "a third-party complaint is not proper under Rule 14 if the defendant

cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.3d 848, 849-50 (5th Cir. 1978).

That is, "[l]iability of the third party must be 'dependent' or 'in some way derivative' of the outcome of the main claim." *Branch Consulting*, 265 F.R.D. at 272 (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 750-52 (5th Cir. 1967); citations omitted). "Put another way, the third-party defendant 'must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant.'" *Id.* (cleaned up; quoting *Joe Grasso*, 380 F.2d at 751). "This liability includes claims for indemnity, contribution, and subrogation." *Id.* at 272-73 (citation omitted).

"The trial court has wide discretion in determining whether to permit such third-party procedure to be resorted to." *Hancock v. Chi. Title Inc. Co.*, 263 F.R.D. 383, 392-93 (N.D. Tex. 2009) (quoting *S. Ry. Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964). And "Rule 14 is to be liberally interpreted." *Id.* at 393 (citation omitted). And, in doing so, "courts can consider the prejudice to the parties, complication of trial issues, likelihood of delay, and timeliness." *Id.* (citation omitted).

But, contrary to Morrow's apparent belief, adding third-party defendants who share his citizenship does not divest the Court of its subject-matter jurisdiction under Section 1332. *See* Dkt. No. 20 at 16 (¶ 9) ("This Court does not have diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332

because Third-Party Plaintiff Ryan Morrow and Third-Party Defendant Tim Pelikan are both citizens of the State of Texas.").

That is because "complete diversity need not exist between a third-party claimant and a third-party defendant, so long as the district court has subject-matter jurisdiction over the underlying suit." *Velazquez v. De La Rose Martinez*, No. 21-40282, 2021 WL 6140246, at *1 (5th Cir. Dec. 29, 2021); *see also John L. Wortham & Son, L.P. v. BOK Fin. Mgmt.*, No. 23-20344, 2024 WL 2933187, at *2 (5th Cir. June 11, 2024) (per curiam) ("Subject-matter jurisdiction for third-party claims may rest on either jurisdiction from the original claim or the third-party claim's own independent jurisdiction." (citing *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1227 (5th Cir. 1989) ("Diversity jurisdiction may be approached from two angles: by analyzing diversity in plaintiffs' original claims or in the claims asserted by [third-party plaintiff] against third-party defendants .... Diversity at either level will suffice to maintain federal jurisdiction.")); *Ill. Cent. Gulf R.R. v. Pargas, Inc.*, 706 F.2d 633, 638 (5th Cir. 1983) ("Federal jurisdiction over the first-party suit therefore fails, and with it, ancillary jurisdiction over the third-party claim. There is also no independent jurisdiction over the third-party claim." (citation omitted)))); *Vita Equipoise Equity Partners, LLC v. TIG Romspen US Master Mortg. LP*, No. 3:21-cv-00358, 2024 WL 3755981, at *2 n.2 (S.D. Tex. Aug. 12, 2024) ("The citizenship of Secured, a third-party defendant, is irrelevant for the purposes of determining whether subject matter jurisdiction is present in this case.").

And, so, calling the parties' attention to this authority, the Court will require

that they supplement their briefing, in particular, to address whether Morrow's proposed claims against the new parties qualify as third-party claims under Rule 14.

These supplemental briefs must not exceed 15 pages in length, excluding any table of contents and table of authorities, Morrow's must be filed by **November 14, 2024**, and Scalable must file its brief by **November 21, 2024**.

SO ORDERED.

DATED: November 5, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE